IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, <br><br> Plaintiff, <br><br> v. <br><br> D. MCCLANAHAN, GARCIA, ROBERTS, SERGEANT JOHN DOE #1, OFFICER JOHN DOE #'s 1-2, BAKER, STOKES, LATOYA HUGHES (official capacity), and ANTHONY WILLS (official capacity), <br><br> Defendants. | Case No. 24-cv-2512-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Scott Peters, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. This matter is currently before the Court on Peters's motion for temporary restraining order and preliminary injunction (Doc. 33). Defendant Latoya Hughes filed a response in opposition to the motion (Doc. 53). Peters filed a reply brief (Doc. 64).

### BACKGROUND

On November 21, 2024, Peters filed his Complaint alleging various violations of his constitutional rights stemming from events that occurred in December 2022 (Docs. 1, 12). On either December 4 or 10, 2022, Peters expressed physical and mental distress due to issues with his prescribed pain medications (Doc. 12, p. 3). After complaining about

1

his medications, Peters was sent to segregation. He alleges that Officers Roberts, McClanahan, and Garcia wrote a disciplinary ticket and transported him to the segregation unit. Roberts pushed him through the parking lot in his wheelchair, but pushed him into a curb, causing Peters to fall from his wheelchair and injure his knee, shoulder, and spine (*Id.*). Officer Garcia dragged him back into his wheelchair. He was then taken to segregation and placed in a non-ADA compliant cell (*Id.* at p. 4). Peters alleged John Doe #1 Sergeant and John Doe Officer #'s 1-2 dumped him out of his wheelchair onto the floor of the cell and refused him medical care for his injuries (*Id.*). Although he was scheduled for an x-ray, both Officers Stokes and Baker prevented him from attending the scheduled x-ray (*Id.*).

After review of the Complaint pursuant to 28 U.S.C. § 1915A, Peters was allowed to proceed on the following counts:

Count 1: Eighth Amendment excessive force claim against Officer McClanahan, Officer Garcia, and Officer Roberts for removing Peters from his cell and pushing him out of his wheelchair causing injuries.

Count 2: Eighth Amendment deliberate indifference claim against Officer McClanahan, Officer Garcia, and Officer Roberts for failing to obtain medical care for Peters's injuries.

Count 3: Eighth Amendment deliberate indifference claim against Sergeant John Doe #1, Officer John Doe #1, and Officer John Doe #2 for failing to obtain medical care for Peters's injuries and placing him in a non-ADA compliant cell.

Count 4: Eighth Amendment deliberate indifference claim against Officer Baker and Officer Stokes for failing to take Peters for an x-ray or provide him with care for his injuries.

>   Count 5: ADA claim for Peters being placed in a non-ADA compliant cell in North 2 segregation.

(Doc. 12, pp. 7-9). Warden Anthony Wills was added to the case in his official capacity to respond to discovery aimed at identifying the unknown officers.

Peters later filed a motion seeking a preliminary injunction and/or temporary restraining order (Doc. 33). Peters alleges that he suffers from spinal injuries, as well as PTSD and depression due to injuries he sustained serving in the Unites States Army (*Id.* at pp. 4, 6). His injuries are degenerative, and he needs proper medical care and pain management for his chronic injuries (*Id.*). He further alleges that he has experienced a deprivation and cessation of all medical services, including pain management medications (*Id.* at pp. 5, 7). He requests an order for IDOC, Latoya Hughes, Wexford Health Sources, and G. Babich to reinstate his medical care and medications.

Director Latoya Hughes filed a response in opposition to the motion (Doc. 53), arguing that the relief Peters seeks is unrelated to the underlying claims in his lawsuit. Hughes also argued that Peters was receiving pain medication at Lawrence. She pointed to medical records from June and July 2025 showing that Peters received Tylenol, Lyrica (a prescription used to treat nerve pain), and Diclofenac (a nonsteroidal anti-inflammatory drug) (Doc. 53-2, pp. 41-47).

In a reply brief, Peters argues that Governor Pritzker, Hughes, IDOC, Wexford Healthcare, and Centurian Healthcare provide inadequate healthcare and have systemic deficiencies in staffing, facilities, and medical and dental care provided to inmates

3

(Doc. 64). He further alleges that beginning in June 2025, his pain medications were stopped without first tapering his medications (Doc. 64, pp. 9-10).

## LEGAL STANDARDS

A temporary restraining order may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). The same legal analysis is used to determine whether a TRO or a preliminary injunction is warranted.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (2d ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a

plaintiff has met his burden, the Court must weigh the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## DISCUSSION

Peters fails to demonstrate that he is entitled to any preliminary relief in this case. The claims that survived Section 1915A review focus on the use of force by officers in December 2022 and the failure to provide him medical care in the aftermath of that assault. Peters was also allowed to proceed on a claim that officers placed him in a non-ADA compliant cell after the assault and failed to provide him with medical care or an x-ray for his injuries. Peters's pending motion for injunctive relief, however, focuses on his current access to pain medications for degenerative conditions that he suffers due to injuries he sustained in the military. In his reply brief, he also raises systemic issues in the prison that are present across all prisons, including issues with staffing, the conditions in aging facilities, and the standard of care provided by medical and dental providers. The

claims that he seeks injunctive relief for are different than the claims in his original lawsuit.

Although Peters's original Complaint complained about his lack of access to pain medications in the early part of December 2022, those claims were dismissed for failure to state a claim. Subsequent requests to amend his pleading to re-allege that he was denied specific medications starting December 1, 2022, were denied. The Court recently noted that claims regarding his access to pain medications for chronic conditions were unrelated to the claims that survived Section 1915A review in this case. There are currently no claims regarding access to specific pain medications and delays in renewing/refilling those medications in this lawsuit. Nor are there any current claims against Governor Pritzker, IDOC, Babich, or Wexford Health Sources, Inc. And there are no pending claims about his current access to medications at Lawrence Correctional Center. In order to pursue these claims, Peters would have to file a new lawsuit.

Even if the Complaint included claims regarding Peters's access to pain medications in 2022 at Menard, Peters is no longer housed at Menard Correctional Center. He has since transferred to Lawrence Correctional Center and, as previously mentioned, any claims about his current access to medications at his new facility are not a part of this lawsuit. Further, the medical records indicate that Peters was receiving pain medications in June and July 2025 (Doc. 53-2, pp. 41-47). To the extent Peters disagrees with the types of medications prescribed, disagreement with the current course of treatment does not amount to deliberate indifference. *See Edward v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Forbes v. Edgar*, 112 F.3d 262, 267 (7th

Cir. 1997) ("Under the Eighth Amendment, [an inmate] is not entitled to demand specific care."). Thus, Peters fails in his burden of demonstrating that he is entitled to injunctive relief in this case.

## Conclusion

For the reasons set forth above, Peters's motion for TRO and preliminary injunction (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 14, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**