IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT PETERS,

      Plaintiff,

v.

DAVID MCCLANAHAN, BRENDAN
GARCIA, MICHAEL ROBERTS,
QUININ BAKER, GLENN STOKES,
MATTHEW FRED, GARRETT
LEPOSKY, ADAM BARTTELBORT, and
LATOYA HUGHES,

      Defendants.

Case No. 24-cv-2512-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Scott Peters, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center.

This matter is currently before the Court on a Motion to Amend the Complaint filed by Peters (Doc. 116). Peters also filed two "Statement of Facts" (Docs. 131, 132) which appear to include exhibits regarding prison standards and administrative directives. The Court does not accept piecemeal amendments to the pleading, and these "Statements" are merely discovery that is not to be filed on the docket. Thus, the Court **STRIKES** the Statement of Facts (Docs. 131, 132).

1

### BACKGROUND AND PROPOSED PLEADING

After review of his initial Complaint pursuant to 28 U.S.C. § 1915A, Peters was originally allowed to proceed on the following counts:

Count 1: Eighth Amendment excessive force claim against Officer McClanahan, Officer Garcia, and Officer Roberts for removing Peters from his cell and pushing him out of his wheelchair causing injuries.

Count 2: Eighth Amendment deliberate indifference claim against Officer McClanahan, Officer Garcia, and Officer Roberts for failing to obtain medical care for Peters's injuries.

Count 3: Eighth Amendment deliberate indifference claim against Matthew Fred, Sergeant Garrett Leposky, and Adam Barttelbort for failing to obtain medical care for Peters's injuries and placing him in a non-ADA compliant cell.

Count 4: Eighth Amendment deliberate indifference claim against Officer Baker and Officer Stokes for failing to take Peters for an x-ray or provide him with care for his injuries.

Count 5: ADA claim for Peters being placed in a non-ADA compliant cell in North 2 segregation.

(Doc. 12, pp. 7-9).

The proposed Amended Complaint seeks to reallege claims and defendants that were previously dismissed, as well as add claims and defendants. Peters alleges that in the days prior to the use of force alleged in Count 1, Peters had a prescription for Neurontin, that was substituted with gabapentin. He had received that prescription since June 2022 (Doc. 116-1, p. 10). On December 2, 2022, Jane Doe #1 knew Peters had an active prescription for Neurontin but refused to give him his medication (*Id.*). Jane Doe #1 refused to provide Peters with his medication on multiple occasions (*Id.*). On December

3, Jane Doe #2 also refused to give Peters his medication, despite informing her that he was not receiving his medication (*Id*. at pp. 11-12). On December 5, 2022, Jane Doe #3 also refused to provide Peters with his medications (*Id*. at p. 12). On December 6, 2022, M. Ogalsby refused Peters his medication despite being aware that he was without his medication (*Id*.). On December 6, 2022, Jane Doe #4 and Jane Doe #5 also refused Peters his medications (*Id*. at pp. 13-14). He alleges that all of the medical officials could see he was suffering without his medication due to his previous injuries and physical condition (*Id*. at pp. 11-14).

On December 4, 2022, Keisha Hamby refused Peters his pain medication despite knowing he had an active prescription (Doc. 116-1, p. 14). Peters alleges that he demanded his medications from Hamby, and in response he was issued a disciplinary ticket (*Id*.). Peters alleges the ticket was in retaliation for his demands. His demands also led to the use of excessive force (*Id*.). On December 4, 2022, Officers McClanahan, Garcia, and Roberts removed him from his cell. Peters alleges the officers were led by McClanahan and Hamby (Doc. 116-1, p. 15). Roberts took control of Peters's wheelchair and ran him into a curb at a high rate of speed (*Id*. at pp. 15-16). Peters alleges that Roberts purposefully crashed the wheelchair, causing him to be ejected and hitting his head on the pavement (*Id*.). Peters also alleges that he injured his spine, knees, elbow, and shoulder (*Id*. at p. 16). McClanahan and Garcia dragged Peters back into his wheelchair (*Id*.). He asked for medical attention, but they refused and told him to shut up (*Id*.). Peters alleges that Hamby, McClanahan, Roberts, and Garcia knew that he was disabled and suffered from chronic injuries, but they still sought to injure him.

3

After the use of force incident, Peters requested medical attention from Hamby but she refused (*Id.* at p. 15). He alleges that Hamby approached him as a crisis team member making a suicide evaluation (*Id.*). She could see he was suffering from his injuries, but she refused his request for medical treatment (*Id.*). While Hamby was still present with Peters in the restrictive housing unit, Peters requested a crisis team from Correctional Officer McClanahan (*Id.*). That request was also refused (*Id.*).

Peters was placed in a non-ADA compliant cell. He informed K. Hamby that he was previously housed in an ADA cell and his new cell was not compliant (*Id.*). He also spoke to M. Fred, G. Leposky, and A. Barttelbort and requested that they review his permits (*Id.*). They refused to provide him with a compliant cell and accommodations (*Id.*).[1] Peters also alleges that Garcia, Roberts, and McClanahan were aware of his ADA needs but placed him in the non-compliant cell (*Id.* at p. 18). The cell lacked useable grab bars or a low toilet (*Id.*). There were also issues with the sink and bed placement (*Id.*). Peters alleges that Hamby acted pursuant to Wexford policy of placing ADA individuals in non-compliant cells and the company devised the policy to remove Peters from his cell (*Id.*).

Peters alleges that ADA Coordinators J. Kuhnert and Frank Lawrence would have known about the danger to Peters if placed in a non-compliant cell, but failed to mitigate

---

[1] Peters alleges that the officers used force and threats of force to place him in the cell but fails to further describe the use of force and threats used against him. Any claim against these officers for excessive force is DISMISSED without prejudice.

4

the risks (Doc. 116-1, p. 18). He alleges the two coordinators failed to take action to provide him with necessary accommodations (*Id.*).

On December 7, 2022, Peters alleges Warden Wills walked through the segregation unit and spoke to him (Doc. 116-1, p. 19). Peters alleges any reasonable person could have seen that Peters was in distress and knew of the dangers of an inmate being placed in a non-compliant cell, but Wills failed to mitigate the risk (*Id.*). He alleges that Wills was aware of Peters circumstances after speaking with him (*Id.*).

Peters further alleges that C/O Stokes and Baker retrieved him from his cell to attend an adjustment committee hearing and an x-ray for his injuries (Doc. 116-1, p. 19). He alleges that he was lying on the floor and could not get up. The officers could see that he was injured and that he lacked necessary accommodations, but they failed to mitigate his risks in the non-compliant cell (*Id.*). Peters also informed counselor Stewart several times after he was admitted to segregation about the non-compliant cell and his injuries, but Stewart also failed to act (*Id.* at pp. 19-20). Peters wrote grievances, which he alleges made C. Modglin aware of needs, but Modglin failed to take action (*Id.* at p. 20).

On November 30, 2022, Peters met with Dr. G. Babbich for a serious medical condition. On that date, Babbich took no action to provide Peters with proper medical services or accommodations (Doc. 116-1, p. 21). Peters alleges that Babbich failed to mitigate the risks of being placed in a non-compliant cell (*Id.*). Peters further alleges that Governor J.B. Pritzker was aware of systemic issues at the prison and issues with Wexford Health Sources, Inc. He alleges the governor was aware of issues with medical care, but the governor took no action to provider Peters with proper accommodations.

### PRELIMINARY DISMISSALS

Peters fails to state viable claims against a number of proposed defendants. He alleges that ADA coordinators J. Kuhnert and Frank Lawrence should have known about his accommodation needs but they failed to mitigate the risk. He also alleges that the officers stated that the cell was compliant, but there is no indication as to when he spoke to these individuals or their personal involvement in his placement in the cell. Thus, his claim against Kuhnert and Lawrence is **DISMISSED with prejudice**. He alleges Modglin knew of his physical condition and cell condition through grievances, but the simple denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, any claim against Modglin is also **DISMISSED without prejudice**.

Peters also alleges that he met with Dr. Babbich on November 30, 2022, but the doctor failed to ensure that Peters had the necessary medical services and accommodations. But Peters alleges that he had access to his medications and an ADA compliant cell until December 4, 2022. There are no allegations suggesting that Babbich participated in Peters's transfer or that he was personally involved in denying Peters access to his pain medication in December 2022. Thus, Dr. Babbich is **DISMISSED without prejudice**.

Peters also alleges that Governor Pritzker is liable for his injuries because he was aware of systemic issues at the prison. But Pritzker cannot be liable simply in his position as a high-ranking official who may have known about issues in the prison-system. *See e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("public officials do not have a free-floating obligation to put things to rights," and officials such as the head of the

6

department of corrections are entitled to relegate to prison staff the provision of adequate conditions of confinement and medical care); *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). There are no allegations of Pritzker's personal knowledge or involvement in Peters's injuries and accommodations. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about the plaintiff's condition, not whether a reasonable official should have known"). Thus, any claim against Pritzker is also **DISMISSED without prejudice**.

Finally, Peters fails to state a claim against Wexford. He alleges only in conclusory fashion that Wexford had a policy of placing inmates in non-compliant cells. But Peters alleges that "Wexford devised its deliberate indifference policy removing him from a compliant cell." (Doc. 116-1, pp. 18-19). He fails to allege that this was done in response to an express policy or that the practice was widespread. *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 796 (7th Cir. 2014) (isolated incidents fail to establish a custom or policy). He merely alleges that the action was taken against him. Thus, Peters fails to allege a claim against Wexford.

**DISCUSSION**

Based on the allegations in the proposed Amended Complaint, the Court designates the following counts:[2]

---

[2] The Counts will remain as previously numbered but additional defendants have been added to the counts. Additional counts have also been added to reflect Peters's additional claims.

Count 1:    Eighth Amendment excessive force claim against K. Hamby, Officer McClanahan, Officer Garcia, and Officer Roberts for removing Peters from his cell and pushing him out of his wheelchair causing injuries.

Count 2:    Eighth Amendment deliberate indifference claim against K. Hamby, Officer McClanahan, Officer Garcia, and Officer Roberts for failing to obtain medical care for Peters's injuries and placing him in a non-ADA compliant cell.

Count 3:    Eighth Amendment deliberate indifference claim against Matthew Fred, Sergeant Garrett Leposky, Adam Barttelbort, Anthony Wills, and Counselor Stewart for failing to obtain medical care for Peters's injuries and placing him in a non-ADA compliant cell.

Count 4:    Eighth Amendment deliberate indifference claim against Officer Baker and Officers Stokes for failing to take Peters for an x-ray or provide him with care for his injuries.

Count 5:    ADA claim for Peters being placed in a non-ADA compliant cell in North 2 segregation.

Count 6:    Eighth Amendment deliberate indifference to medical needs claim against Jane Doe #'s 1-5, M. Ogalsby, and Keisha Hamby for refusing to provide Peters with his pain medication in December 2022.

Count 7    First Amendment retaliation claim against K. Hamby, Officer McClanahan, Officer Garcia, and Officer Roberts for removing Peters from his cell and pushing him out of his wheelchair in retaliation for his complaints regarding access to pain medication.

Peters adequately alleges claims against newly added defendants K. Hamby, Anthony Wills, and Counselor Stewart. He alleges that K. Hamby participated in the use of force, failed to obtain medical care for Peters after the incident and placed him in the non-complaint cell. He also alleges that once in the cell, he personally spoke to Anthony

Wills and Counselor Stewart about his conditions and need for medical care. Thus, the claims against K. Hamby, Anthony Wills, and Counselor Stewart shall proceed.

Peters also adequately alleges a new claim for deliberate indifference in Count 6. He alleges that M. Ogalsby, K. Hamby, and unknown Jane Doe nurses were aware that he needed and was prescribed pain mediation but failed to provide him with that medication over the course of several days. Thus, newly added Count 6 shall proceed against Ogalsby, Hamby, and Jane Doe #'s 1-5. Finally, Peters alleges a viable retaliation claim against Defendants K. Hamby, Officer McClanahan, Officer Garcia, and Officer Roberts in Count 7.

### CONCLUSION

For the reasons stated above, Peters's motion to amend (Doc. 116) is **GRANTED in part**. The Clerk of Court is **DIRECTED** to file Peters's pleading (Doc. 116-1) and **ADD** M. Ogalsby, Keisha Hamby, Anthony Wills, Counselor Stewart, and Jane Doe #'s 1-5 as defendants. The Clerk is further **DIRECTED** to **SERVE** the newly added defendants in accordance with the Court's merit review order (Doc. 12). As to the unknown Jane Does, Peters shall file a notice with identifying information for the individuals by **August 3, 2026**. All other potential claims and defendants are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED:  July 6, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

9